PER CURIAM.
¶ 1 Dean J. Seppi appeals from a judgment of conviction and an order denying his motion for postconviction relief. He contends that he is entitled to a new trial due to ineffective assistance of trial counsel. We disagree and affirm.
¶ 2 In the early morning hours of February 12, 2015, Brookfield Police Officer Andrew Hansen observed a vehicle parked in a ditch. Hansen approached the vehicle and saw two men inside, both of whom appeared to be sleeping. Seppi was in the driver's seat, while Matthew Geboy was in the passenger's seat.
¶ 3 Hansen roused the men and noticed that Seppi smelled of alcohol, had bloodshot eyes, spoke in a slow speech, and seemed confused. Seppi acknowledged that he had been drinking and, at one point, admitted to have driven the vehicle too. After Seppi performed poorly on field sobriety tests and a preliminary breath test showed .167 grams of alcohol in 210 liters of his breath, Hansen placed Seppi under arrest.
¶ 4 The State charged Seppi with operating while intoxicated (OWI) as a fifth or sixth offense and operating with a prohibited blood alcohol concentration as a fifth or sixth offense. The matter proceeded to trial, where Seppi conceded that he was intoxicated but disputed that he had operated the vehicle.
¶ 5 At trial, Hansen testified to the above facts and provided additional information about Seppi's shifting accounts. He noted that, after admitting to having driven the vehicle, Seppi changed his story, saying that "somebody else was driving the car and him and [Geboy] were walking the area looking for his car, found his car and then decided to sit in the driver seat and passenger seat of the car."
¶ 6 Geboy also testified at trial. He said that he was driving an intoxicated Seppi home from a party when he drove the vehicle into a ditch. He indicated that the vehicle stalled there and the battery died. According to Geboy, he and Seppi switched places because Seppi believed he could get the vehicle started. In the end, Seppi was unable to do so.
¶ 7 Seppi also testified in his own defense. He confirmed getting intoxicated on the night in question, saying "there's no question about that." But he denied driving the vehicle.
¶ 8 At the close of the evidence, the parties discussed the jury instructions with the circuit court. Based upon an earlier stipulation to evidence showing Seppi's blood alcohol over the legal limit, the court asked Seppi's counsel, "[A]re you stipulating to the second element of OWI?"[1] Counsel responded, "Yes." The parties agreed to the court's instruction to tell the jury, after reading the second element of the offense, that the "parties have stipulated that there is sufficient evidence to prove this element."
¶ 9 The jury found Seppi guilty of both counts. Upon the State's motion, the circuit court entered a judgment of conviction for the OWI offense and dismissed the charge of operating with a prohibited blood alcohol concentration.
¶ 10 After sentencing, Seppi filed a motion for postconviction relief. He argued that his trial counsel was ineffective for failing to object to the jury instruction regarding the second element of the OWI offense. Seppi suggested that the wording of the instruction may have caused the jury to erroneously believe that he was admitting to operating the vehicle. Seppi also faulted counsel for both calling Geboy as a witness and failing to impeach him when he stated that Seppi had attempted to start the vehicle.
¶ 11 The circuit court held a hearing on Seppi's motion. There, trial counsel confirmed the earlier stipulation to evidence showing Seppi's blood alcohol over the legal limit. He explained that the stipulation meant that if the jury found that Seppi had operated the vehicle, Seppi conceded the second element of the offense, i.e., that he was under the influence at the time.
¶ 12 As for Geboy, trial counsel recalled that both he and his investigator had interviewed him before trial. He said that Geboy "talk[ed] a lot about switching spots [in the vehicle]" but that "[h]e never mentioned [Seppi] manipulating the controls." Counsel called this latter part of Geboy's testimony a "[c]omplete surprise" to him.
¶ 13 Seppi asked trial counsel about impeaching Geboy with the omission, given that Geboy had not previously disclosed that Seppi had attempted to start the vehicle. Counsel said that he did not view Geboy's testimony as inconsistent with the earlier statements. In any event, he did not want to highlight the matter for the jury.
¶ 14 Ultimately, the circuit court denied Seppi's postconviction motion, concluding that counsel's performance was not deficient. This appeal follows.
¶ 15 On appeal, Seppi renews his claims of ineffective assistance of trial counsel. To establish a claim of ineffective assistance, a defendant must show both that counsel's performance was deficient and that such performance prejudiced the defense. Strickland v. Washington , 466 U.S. 668, 687 (1984). To show deficient performance, the defendant must point to specific acts or omissions by counsel that were "outside the wide range of professionally competent assistance." Id. at 690. To show prejudice, the defendant must demonstrate "that there is a reasonable probability that, but for counsel's errors, the result of the proceeding would have been different." Id. at 694. We need not address both components of the analysis if the defendant fails to make a sufficient showing on either one. Id. at 697.
¶ 16 Appellate review of an ineffective assistance of counsel claim presents a mixed question of fact and law. State v. Pitsch , 124 Wis. 2d 628, 633-34, 369 N.W.2d 711 (1985). We will not disturb the circuit court's findings of fact unless they are clearly erroneous, but the ultimate determination of whether counsel's performance fell below the constitutional minimum is a question of law we review independently. See id. at 634.
¶ 17 Here, we are not persuaded that trial counsel was ineffective for failing to object to the jury instruction regarding the second element of the OWI offense. To begin, the instruction was an accurate statement of the law. Moreover, there was no risk of confusion over what Seppi was admitting to because (1) the first element of offense, i.e., whether Seppi operated a motor vehicle on a highway, remained in dispute and (2) the entire trial centered on Seppi's insistence that he had not operated the vehicle on the night in question.[2] Because there is no probability that the jury was misled by the instruction, Seppi cannot show that he was prejudiced by his counsel's failure to object to it.
¶ 18 We are also not persuaded that trial counsel was ineffective for his handling of Geboy as a witness. As counsel explained at the postconviction motion hearing, Seppi's admission to driving the vehicle was "problematic," and counsel "had to put someone else behind the wheel." Calling Geboy as a witness was a reasonable trial strategy, as he was the only other person in the vehicle and had admitted to driving it. Unfortunately for Seppi, Geboy also testified that Seppi had attempted to start the vehicle. That statement was not necessarily inconsistent with Geboy's earlier accounts and would have been difficult to attack via impeachment. In any event, Seppi never explained what Geboy would have said if confronted with the issue and how the result of the proceeding would have been different. Accordingly, we are not convinced that Seppi has demonstrated either deficient performance or prejudice.
¶ 19 For these reasons, we affirm the judgment and order of the circuit court.[3]
By the Court. -Judgment and order affirmed.
This opinion will not be published. See WIS. STAT. RULE 809.23(1)(b)5. (2015-16).

Operating a motor vehicle while under the influence of an intoxicant has two elements: (1) the defendant operated a motor vehicle on a highway and (2) the defendant was under the influence of an intoxicant at the time the defendant operated a motor vehicle. See Wis JI-Criminal 2663.

This is reflected in the record. For example, in opening statement, Seppi's trial counsel told the jury, "we're not going to dispute that [Seppi] was under the influence that night. That's not what this case is going to be about.... The essential dispute that we have is that Mr. Seppi was the operator that night." The prosecutor echoed this understanding during closing argument, telling the jury, "[t]he only issue here today is whether [Seppi] was operating the motor vehicle."

To the extent we have not addressed an argument raised by Seppi on appeal, the argument is deemed rejected. See State v. Waste Mgmt. of Wis., Inc. , 81 Wis. 2d 555, 564, 261 N.W.2d 147 (1978).